JULES P. LEHDE ET AL. V. JOHN P. LEHDE ET AL.

Decided November 10, 1897.

1.  Judgment—Default—Record.

A judgment against plaintiffs can not be attacked on appeal because taken by default and before appearance day, where the record shows by its recitals announcement for trial and judgment upon submission and hearing of evidence.

2.  New Trial—Excuse for Nonattendance.

It is not cause for a new trial that plaintiff, a married woman, was detained in attendance upon her husband, a confirmed invalid, since a necessity for taking her deposition is thereby disclosed; nor was such detention an excuse where the motion fails to show that she was actually prevented thereby from starting in time; nor where the application shows that she stopped on her journey, without showing a necessity therefor; nor is it sufficient to show that she missed a train through misinformation as to its schedule time, without showing of whom she inquired and by whom she was so misinformed.

APPEAL from Comal.  Tried below before Hon. EUGENE ARCHER.

*J. B. & Hedwig Easterly,* for appellants.—1.  The court erred in overruling plaintiffs' motion for a new trial, because the judgment was taken by default on the 30th day of November, same being the first day of the term of the district court, 1896, all of which opposing counsel will not deny, although the record inadvertently says the parties announced ready

for trial, which is not correct, as the plaintiffs were not there and did not announce at all, as shown by the sworn motion.for a new trial. Tullis v. Scott, 38 Texas, 537.

2. Where a party is unavoidably absent and shows a just and meritorious cause of action, and diligence, a new trial ought to be granted.

*M. E. Guinn* and *Clark & Guinn*, for appellees.

KEY, ASSOCIATE JUSTICE.—This suit was filed November 6, 1894, to recover the plaintiffs' interests as the children of Natalia L. Lehde, deceased, in the community estate of said Natalia L. Lehde and John P. Lehde. The following judgment was rendered in said cause:

" JULES P. LEHDE ET ALS. ⎫
  " No. 1042. v. ⎬
" JOHN P. LEHDE ET ALS. ⎭

"On this the 30th day of November, 1896, this cause having been called for trial, the parties announced themselves ready for trial, and the parties having waived a jury, submitted their cause of action of law as well as of fact to the court, and the court having heard same is of the opinion that the plaintiff has not proven his cause of action, and that the law and facts are with the defendant.

"Wherefore, it is ordered, adjudged, and decreed that the plaintiffs, Jules P. Lehde, Hedwig Easterly, and J. B. Easterly, take nothing by their suit, and that the defendants, John P. Lehde, Minna Gruene, and John Mueller, go hence without day and recover their costs, for which let execution issue."

The plaintiffs have appealed, and in stating the nature and result of the suit, say that the judgment was rendered against them by default. There is nothing in the record that supports this statement. There is no bill of exception or affidavit showing that the plaintiffs did not appear in person or by counsel and announce ready for trial and submit the case to the court, as recited in the judgment, upon the law, as well as upon the facts.

We must therefore consider the case as having been tried upon such testimony as the parties saw proper to present to the court; and considering it in that aspect, and there being no statement of facts in the record, we can not hold that the court erred in overruling appellants' motion for a new trial. Besides, the motion for a new trial was based upon the fact that one of the plaintiffs, Mrs. Hedwig Easterly, who resided in the State of Louisiana, was unable to reach New Braunfels, where the case was tried, in time to testify and assist in the trial. Her excuse for not being present at the trial is contained in the third paragraph of the motion, which reads as follows:

"3. That Mrs. Hedwig Easterly is a married woman; that her husband is a confirmed invalid; that applicant had been notified to be here to at-

tend said trial as a witness in her behalf, and had made all necessary preparations to leave her home in Louisiana prior to the opening of said term of court to attend said trial as a witness; but her husband was taken seriously and violently ill, and she could not leave his bedside sooner upon that account; that as soon as he became convalescent she began her journey to New Braunfels, and even under these circumstances she would have reached here in due time to attend court if she had not been severally delayed in San Marcos, Texas, by being misinformed as to the schedule time of the southbound train."

This excuse is insufficient, because, (1) having an invalid husband, the exercise of proper diligence would have disclosed the necessity of taking Mrs. Easterly's deposition; (2) it does not show when she started from her home in Louisiana; (3) it does not show why she stopped off in San Marcos; (4) it does not show of whom she inquired, and by whom she was misinformed as to the schedule time of the southbound train. To show proper diligence, she should have explained why she stopped off in San Marcos, and of whom she inquired concerning the schedule time of the train. She may have inquired of a fellow-passenger, not supposed to have any more knowledge on the subject than she herself had, and she may have had ample opportunity to inquire of the railroad employes, who could have given her correct information.

No reversible error has been assigned, and the judgment will be affirmed.

*Affirmed.*